# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KII Liquidating Inc. (f/k/a In re Katy Industries, Inc.), *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 17-11101 (LSS)<br><br>(Jointly Administered) |
| EMERALD CAPITAL ADVISORS, IN ITS CAPACITY AS PLAN ADMINISTRATOR,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PRECISION INDUSTRIES, INC.,<br><br>　　　　　　　　　　Defendant. | Adv. Pro. No. _____ |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS OF PROPERTY PURSUANT TO 11 U.S.C. §§547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

Emerald Capital Advisors (the "Plan Administrator" or the "Plaintiff"), solely in its capacity as Plan Administrator under the *Conformed Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidating Proposed Jointly by the Debtors and the Official Committee of Unsecured Creditors* [D.I. 655 Ex. 2] (the "Plan"), by and through its attorneys Drinker Biddle & Reath LLP, by way of the within adversary complaint against Precision Industries, Inc. (the "Defendant"), states and alleges as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, are: KII Liquidating Inc. (f/k/a Katy Industries, Inc.) (7589), ComPro Liquidating LLC (f/k/a Continental Commercial Products, LLC) (3898), FTWH Liquidating Inc. (f/k/a FTW Holdings, Inc.) (7467), FWPI Liquidating Inc. (f/k/a Fort Wayne Plastics, Inc.) (7470), Wabash Holding Corp. (9908), KTI Liquidating Inc. (f/k/a Katy Teweh, Inc.) (9839), WII, Inc. (0456), TTI Holdings, Inc. (8680), GCW, Inc. (5610), Hermann Lowenstein, Inc. (4331), American Gage & Machine Company (7074), WP Liquidating Corp. (2310), Ashford Holding Corp. (8113), and HPMI, Inc. (4677). The mailing address for each of the Debtors listed above, solely for purposes of notices and communications, is c/o Emerald Capital Advisors, 70 East 55th Street, 17th Floor, New York, NY 10022 (Attn.: John P. Madden).

- 10 -

118868812.1

## NATURE OF THE ACTION

This adversary proceeding is brought to avoid and recover from Defendant certain preferential transfers made to or for the benefit of the Defendant during the 90-day period prior to the commencement of the bankruptcy cases of the above-captioned Debtors (the "Debtors"). Specifically, the Plaintiff seeks entry of a judgment against the Defendant (1) pursuant to section 547(b) of title 11 of the United States Code (the "Bankruptcy Code"), avoiding the Subject Transfers (as defined herein); (2) pursuant to section 550(a) o the Bankruptcy Code, directing the Defendant to pay the Plaintiff an amount to be determined at trail that is not less than the amount of the Subject Transfers, plus interest and costs; and (3) pursuant to section 502(d) of the Bankruptcy Code, disallowing any claim of the Defendant against the Debtors until the Defendant pays in full the amount so determined.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.

2. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Plaintiff consents to this Court's entry of a final orders or judgments with respect to this Complaint.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

4. This Court has personal jurisdiction over the Defendant pursuant to Rule 7004 of the Bankruptcy Rules, and because the Defendant transacted and did business with one or more of the Debtors prior to the Petition Date (as defined herein).

5. The Plan Administrator brings this adversary proceeding pursuant to Rule 7001 of the Bankruptcy Rules.

## PROCEDURAL BACKGROUND

6. On May 14, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Court.

7. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors operated their businesses and managed their properties as debtors-in-possession between the Petition Date and November 29, 2018.

8. By Order dated May 16, 2017, the Debtors' chapter 11 cases were consolidated for procedural purposes and were jointly administered pursuant to Bankruptcy Rule 1015 [D.I. 4].

9. The Debtors consist of a consolidated group of business entities whose common parent is KII Liquidating, Inc. (f/k/a Katy Industries, Inc.) ("Katy"), which, prior to the Commencement Dates, was a leading, manufacturer, importer, and distributor of commercial cleaning and consumer storage products, as well as a contract manufacturer of structural foam products.

10. On May 2, 2018, the Court entered an order confirming the Plan [D.I. 655]. The "Effective Date" of the Plan occurred on November 29, 2018.

11. The Plan Administrator was appointed on the Effective Date pursuant to Section 9.5 of the Plan, for the limited purposes of (i) liquidating the remaining assets of the Debtors'

bankruptcy estates in accordance with the Plan, (ii) reconciling and objecting to claims, and (iii) making distributions on allowed claims in accordance with the Plan.

## THE PARTIES

12. Pursuant to the Plan, the Plan Administrator shall be the representative of the respective estates pursuant to section 1123(b)(3)(B) of the Bankruptcy Code; shall stand in the shoes of the Debtors for purposes of contesting, settling or compromising objections to Claims; and shall be vested with all of the Debtors' rights and defenses to all claims.

13. Upon information and belief, the Defendant is a domestic entity with a place of business at 3002 East Court Street, Flint, MI 48506.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

14. The Defendant provided the Debtors with goods and/or services prior to the Petition Date.

15. The Plan Administrator has completed an analysis of all readily available information of the Debtors and is seeking to avoid all of the transfers of an interest of the Debtors' property made by Debtors to Defendant on or within ninety (90) days prior to the Petition Date (the "Preference Period").

16. Plaintiff has determined that one or more of the Debtors made transfers of an interest in its property to or for the benefit of Defendant during the Preference Period through payments aggregating an amount not less than $30,305.00. The date and amount of each transfer are set forth on Exhibit "A" hereto an incorporated by reference herein.

17. Exhibit "A" reflects Plaintiff's present knowledge as to the transfers made to Defendant by the Debtors during the Preference Period. During the course of this proceeding Plaintiff may learn (through discovery or otherwise) of additional transfers made by the Debtors to Defendant during the Preference Period. By virtue of this Complaint, Plaintiff is seeking to

avoid and recover all transfers made by the Debtors during the Preference Period, whether such transfers are reflected on Exhibit "A" or not.  Collectively, all transfers made by the Debtors during the Preference Period of an interest in their property or for the benefit of Defendant (whether such transfers are reflected on Exhibit "A" hereto or not) are referred to herein as the "Subject Transfers."

## CLAIMS FOR RELIEF

### COUNT I

**(Avoidance of Preferential Transfers – 11 U.S.C. § 547(b))**

18.     Plaintiff realleges and incorporates Paragraphs 1 through 17 as if fully set forth herein.

19.     Section 547(b) of the Bankruptcy Code empowers the trustee or debtor in possession, for the benefit of the estate, to avoid a transfer to or for the benefit of a creditor if the requirements set forth therein are met.

20.     Pursuant to section 547(b) of the Bankruptcy Code, the Plan Administrator may avoid any transfer of an interest of the Debtors in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the Debtors before such transfer was made, (c) made while the Debtors were insolvent, (d) made on or within ninety (90) days, or in certain circumstances within one (1) year, before the filing of the petition and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made and the creditor had received payment of such debt to the extent provided by the provisions of title 11 of the Bankruptcy Code.

21.     During the Preference Period, the Debtors made the Subject Transfers described in paragraphs "16" and "17" above to Defendant.

22. The Debtors were insolvent, and pursuant to section 547(b) of the Bankruptcy Code were presumed to be insolvent, during the ninety (90) day period prior to the Petition Date, and on the dates on which they made the Subject Transfers to Defendant.

23. Each of the Subject Transfers was a transfer of an interest of the Debtors in property.

24. The Subject Transfers were to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each of the Subject Transfers either reduced or fully satisfied a debt or debts then owed by the Debtors to Defendant, as set forth on Exhibit "A" hereto.

25. The Subject Transfers were made on account of antecedent debts owed by the Debtors to Defendant for goods and/or services provided to the Debtors before such Transfers were made.

26. The Subject Transfers enabled Defendant to recover more on its antecedent debts than it would have received if (a) the Subject Transfers had not been made, (b) the Debtors' chapter 11 cases were cases under chapter 7 of the Bankruptcy Code, and (c) Defendant received payment of its antecedent debts to the extent provided by the provisions of title 11 of the Bankruptcy Code.

27. Defendant has not repaid all or any part of the Subject Transfers.

28. The Subject Transfers constitute preferential transfers subject to avoidance pursuant to section 547(b) of the Bankruptcy Code.

## COUNT II

**(Recovery of Avoided Transfers – 11 U.S.C. § 550(a))**

29. Plaintiff realleges and incorporates Paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff is entitled to avoid the Subject Transfers pursuant to section 547(b) of the Bankruptcy Code.

31. Defendant is either (a) the initial transferee of the Subject Transfers, (b) the entity for whose benefit the Subject Transfers were made, (c) an immediate or mediate transferee of an initial transferee of the Subject Transfers, or (d) the successor in interest to one of the foregoing.

32. Plaintiff is entitled to recover from Defendant the value of each of the Subject Transfers pursuant to section 550(a) of the Bankruptcy Code.

## COUNT III

**(Disallowance of Defendant's Proof of Claim or Scheduled Claim – 11 U.S.C. § 502(d))**

33. Plaintiff realleges and incorporates Paragraphs 1 through 32 as if fully set forth herein.

34. Defendant is an entity from which property is recoverable under section 550(a) of the Bankruptcy Code and is a transferee of one or more transfers avoidable under section 547(b) of the Bankruptcy Code.

35. Defendant has not paid the amount, or turned over such property, for which Defendant is liable under section 550(a) of the Bankruptcy Code.

36. Pursuant to section 502(d) of the Bankruptcy Code, any filed or scheduled claims Defendant currently possesses against the Debtors (collectively, the "Claims") should be disallowed unless and until Defendant repays in full to Plaintiff, pursuant to a judgment or otherwise, the amount of the Subject Transfers.

**WHEREFORE**, the Plan Administrator demands judgment against Defendant (1) declaring that the Subject Transfers to Defendant constitute voidable preferential transfers pursuant to section 547(b); (2) avoiding the Subject Transfers and directing and ordering that Defendant pay the Plan Administrator, pursuant to section 550(a), the value of the Subject

Transfers, in an amount to be determined at trial, but no less than the amount set forth on Exhibit "A" hereto, plus interest and costs; (3) pursuant to section 502(d), disallowing any claim of Defendant against the Debtors; (4) awarding the Plan Administrator its costs and reasonable attorneys; fees to the extent permitted; and (5) granting to the Plan Administrator such other and further relief as the Court deems equitable and proper.

*[Signature page follows]*

| | |
|---|---|
| Dated: May 14, 2019<br>Wilmington, Delaware | **DRINKER BIDDLE & REATH LLP**<br><br>*/s/ Patrick A. Jackson*<br>Steven K. Kortanek (Del. Bar No. 3106)<br>Patrick A. Jackson (Del. Bar No. 4976)<br>Joseph N. Argentina, Jr. (Del. Bar No. 5453)<br>222 Delaware Ave., Suite 1410<br>Wilmington, DE 19801-1621<br>Telephone: (302) 467-4200<br>Facsimile: (302) 467-4201<br>steven.kortanek@dbr.com<br>patrick.jackson@dbr.com<br>joseph.argentina@dbr.com<br><br> - and –<br><br>Robert K. Malone (admitted *pro hac vice*)<br>600 Campus Dr.<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 549-7000<br>Facsimile: (973) 360-9831<br>robert.malone@dbr.com<br><br>*Counsel for the Plan Administrator* |

**EXHIBIT "A"**

| Debtor-Transferor[1] | Date of Transfer | Amount of Transfer |
|---|---|---|
| FWP | 3/3/2017 | $5,000.00 |
| FWP | 3/10/2017 | $5,000.00 |
| FWP | 3/17/2017 | $5,000.00 |
| FWP | 3/24/2017 | $5,000.00 |
| FWP | 3/31/2017 | $5,000.00 |
| FWP | 4/7/2017 | $5,305.00 |
| | TOTAL | $30,305.00 |

---

[1] "KII" = KII Liquidating, Inc. (f/k/a Katy Industries, Inc.); "CCP" = ComPro Liquidating LLC (f/k/a Continental Commercial Products, LLC); "FWP" = FWPI Liquidating Inc. (f/k/a Fort Wayne Plastics, Inc.).